## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LAD (AVIATION), INC., d/b/a Charles Taylor Adjusting, CHARLES TAYLOR CONSULTING MEXICO, S.A., CHARLES TAYLOR AFFINITY CHILE LIMITADA, and CHARLES TAYLOR CHILE S.A., *Plaintiffs*, | § § § § § § § | CIVIL ACTION NO. 4:24-CV-03483 (Removed from the 457th Judicial District Court of Montgomery County, Texas, Cause No. 24-08-13321) |
| vs. | § § | Jury Demanded |
| MCLARENS, INC., FELIPE RAMIREZ, and RAMIREZ VALLE MATRIZ, S.C., d/b/a Ramirez Valle y Asociados, *Defendants*. | § § § § § | Judge Charles Eskridge |

## <u>PLAINTIFFS' MOTION TO REMAND</u>

Neil F. Young
Attorney-in-Charge
Texas Bar No. 24121218
S.D. Tex. Bar No. 3635269
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (fax)
neil.young@blankrome.com

ATTORNEY FOR PLAINTIFFS
LAD (AVIATION), INC., D/B/A CHARLES
TAYLOR ADJUSTING, CHARLES
TAYLOR CONSULTING MEXICO, S.A,
CHARLES TAYLOR AFFINITY CHILE
LIMITADA, AND CHARLES TAYLOR
CHILE S.A.

## <u>TABLE OF CONTENTS</u>

I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ............... 1

II.    INTRODUCTION OF THE DISPUTE ................................................................. 2

III.    STATEMENT OF FACTS ................................................................................... 2

IV.    STATEMENT OF ISSUES ................................................................................. 3

V.    STANDARD OF REVIEW ................................................................................. 3

VI.    ARGUMENT SUMMARY .................................................................................. 6

VII.    ARGUMENT AND AUTHORITIES ................................................................... 6

        A.    McLarens Cannot Prove that Ramirez Is Improperly Joined. ...................... 6

                1.    The MIP's narrow forum selection clause is limited to MIP-related claims or disputes only. .......................................... 8

                2.    The MIP does not apply to at least <u>six</u> of Plaintiffs' <u>seven</u> claims against Ramirez ...................................................... 8

        B.    The Court Need Not Consider whether LAD Is Improperly Joined, but McLarens Cannot Prove that LAD Is Improperly Joined in Any Event. ........................................................................................................... 9

        C.    Because McLarens Cannot Meet Its Heavy Burden to Prove that Both Ramirez and LAD Were Improperly Joined, this Case Must Be Remanded. ................................................................................................. 11

        D.    This Case Also Should Be Summarily Remanded for McLarens' Numerous Failures to Follow this Court's Rules and Procedures. ............ 12

VIII.    CONCLUSION .................................................................................................. 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bell Atl. Corp. v. Twombly*," 550 U.S. 544 (2007)................................................................5

*In re Benjamin Moore & Co.*, 318 F.3d 626 (5th Cir. 2002) ...........................................10

*Bosky v. Kroger Tex., LP*, 288 F.3d 208 (5th Cir. 2002)................................................1, 3

*Clear Channel Commc'ns, Inc. v. Citigroup Global Mkts., Inc.*,
    541 F. Supp. 2d 874 (W.D. Tex. 2008)....................................................................4, 10

*Coleman v. Sweetin*, 745 F.3d 756 (5th Cir. 2014) ...........................................................6

*Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242 (5th Cir. 2011).......................4

*Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*,
    818 F.3d 173 (5th Cir. 2016) ...................................................................................4, 5

*Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc),
    *cert. denied*, 544 U.S. 992 (2005).....................................................................3, 4, 5, 6

*Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003) ....................................................................4

*Williams v. Homeland Ins. Co.*, 18 F.4th 806 (5th Cir. 2021)...........................................5

**Statutes**

28 U.S.C. § 1332 .........................................................................................................6, 10

28 U.S.C. § 1441(b)(2) ................................................................................................9, 10

28 U.S.C. § 1447(c) ...........................................................................................................1

**Rules**

FED. R. CIV. P. 12(b)(6) ..........................................................................................*passim*

FED. R. CIV. P. 55(a) .......................................................................................................12

FED. R. CIV. P. 81(c)(2) ...................................................................................................12

Plaintiffs LAD (Aviation), Inc., d/b/a Charles Taylor Adjusting ("LAD"), Charles Taylor Consulting Mexico, S.A., Charles Taylor Affinity Chile Limitada, and Charles Taylor Chile S.A. (collectively, "Plaintiffs") move to remand this case to the 457th Judicial District Court of Montgomery County, Texas, pursuant to 28 U.S.C. § 1447(c):

## I.      STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

Plaintiffs sued Defendants McLarens, Inc. ("McLarens"), Felipe Ramirez ("Ramirez"), and Ramirez Valle Matriz, S.C., d/b/a Ramirez Valle y Asociados ("RVA"), in Texas state court on August 28, 2024.  It is undisputed that Defendant Ramirez and Plaintiff LAD are both Texas citizens.

On September 17, 2024, Defendant McLarens removed this case to this Court, invoking the Court's diversity jurisdiction as the only basis for removal.  McLarens alleges that Ramirez's and LAD's Texas citizenship should be disregarded for purposes of evaluating diversity jurisdiction because they were improperly joined.

Courts must strictly construe the removal statutes in favor of remand and against removal.  *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).  Accordingly, Fifth Circuit law imposes a heavy burden upon McLarens to prove improper joinder and avoid remand.  Because McLarens has not alleged actual fraud in Plaintiffs' pleading of jurisdictional facts, the only way McLarens can sustain this case in federal court is if it proves that there is no possibility that **any Plaintiff** can recover from Ramirez in state court under **any** cause of action asserted against him.  As discussed further below, McLarens cannot meet this heavy burden, and this matter should be remanded for lack of subject matter jurisdiction.

## II.      INTRODUCTION OF THE DISPUTE

This is a trade secret, conversion, breach-of-fiduciary-duty, and breach-of-contract action against Defendants related to their: (1) systematic and orchestrated raid of Plaintiffs' core business operations to steal Plaintiffs' customers, (2) mass-recruitment of Plaintiffs' senior and executive leadership, (3) theft of Plaintiffs' major and long-term customers, and (4) theft of Plaintiffs' confidential, proprietary, and trade-secret information.

Defendants' improper acts appear to be ongoing and metastasizing, with new evidence of their illegal and tortious conduct manifesting almost every day.  Accordingly, when Plaintiffs filed this lawsuit in Texas state court, they concurrently applied for a temporary injunction to maintain the *status quo* until the time of trial and requested limited expedited discovery to gather material facts concerning the key elements of their request for a temporary injunction, including how Defendants utilized or plan to utilize their knowledge of Plaintiffs' trade secrets and non-trade-secret, confidential information.

McLarens' improper removal of this action to federal court based upon legally flawed grounds has stymied Plaintiffs' ability timely to pursue the expedited relief they need to thwart Defendants' continuing, and worsening, bad acts.

## III.     STATEMENT OF FACTS

As set forth in detail in Plaintiffs' Original Petition (Dkt. 1-1) (the "Complaint"), McLarens and Ramirez, individually and through Ramirez's company, RVA, have conducted a systematic and orchestrated raid of Plaintiffs' core business operations in a clear effort to steal Plaintiffs' customers in the United States, Mexico, and South America. This scheme is multi-layered and involves the mass recruitment of senior and executive

2

leadership, stealing Plaintiffs' major (and long-term) customers, and the theft of Plaintiffs' trade secrets and non-trade-secret, confidential information.   Indeed, multiple senior leaders across Latin America have tendered their resignations to Plaintiffs and accepted employment with McLarens.

Ramirez, acting on behalf of McLarens both individually and through RVA, has approached and continues to approach Plaintiffs' high-level employees across North and South America to solicit them to join McLarens.  And McLarens continues to use Plaintiffs' confidential, proprietary, and trade secret information, stolen from Plaintiffs by Ramirez and RVA, seeking to convert Plaintiffs' customers and business in the United States, Mexico, and South America.

## IV.   STATEMENT OF ISSUES

1.    Whether any Plaintiff can possibly recover from Defendant Ramirez, a Texas citizen, in state court under at least one of the seven causes of action asserted against him in this lawsuit.

2.    Whether the Texas citizenship of Plaintiff LAD has any bearing on the Court's jurisdiction in light of Ramirez being a forum defendant, and if so, whether LAD can possibly recover from any Defendant in state court under at least one cause of action that it has asserted in this lawsuit.

## V.   STANDARD OF REVIEW

Courts must strictly construe the removal statutes in favor of remand and against removal.  *Bosky*, 288 F.3d at 211.  A defendant cannot remove a case to federal court if an in-state defendant has been "properly joined."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d

568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005).  Thus, "in a case that has been removed to federal court on the basis of diversity, the determinative question is whether—*under federal law*—a nondiverse defendant was improperly joined."  *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 173, 202 (5th Cir. 2016) (emphasis in original).  If the removing party fails to meet its "heavy" burden to prove improper joinder, "then diversity is not complete, the diverse defendant is not entitled to remove, and remand is mandated."  *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011); *Smallwood*, 385 F.3d at 575.

Establishing improper joinder of an in-state defendant requires the removing party to show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).  The Fifth Circuit has not clearly set forth the burden a removing party carries to show that an in-state <u>plaintiff</u> was improperly joined—or, indeed, whether an improper joinder theory even applies to a plaintiff at all— but the few courts that have considered the issue typically apply the same analysis to determine whether the plaintiff "has a reasonable possibility of recovering at all."  *Clear Channel Commc'ns, Inc. v. Citigroup Global Mkts., Inc.*, 541 F. Supp. 2d 874, 877 (W.D. Tex. 2008).  "If there is a reasonable possibility of recovery under [a] cause of action alleged," the plaintiff is a properly-joined party.  *Id.* at 878.

Here, McLarens has not asserted actual fraud in Plaintiffs' pleading of jurisdictional facts or a misstatement of any party's citizenship; instead, McLarens claims only that Plaintiffs will be unable to establish a cause of action against Ramirez in state court and

that LAD will be unable to establish a cause of action against any Defendant in state court. Dkt. 1, § A(ii), (iii).  Accordingly, the Court may focus solely upon the second analysis: If any Plaintiff has stated a claim against Ramirez "on which relief *may* be granted," this Court lacks subject matter jurisdiction "over that claim and, by extension, over any claims." *Int'l Energy*, 818 F.3d at 202 (emphasis in original).

The Court may resolve the issue of improper-joinder in one of two ways:  First, a court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573.  But, "[i]n limited circumstances" where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," a court may "perform a more detailed factual analysis" by piercing the pleadings to conduct a limited summary inquiry.  *Id.*; *Williams v. Homeland Ins. Co.*, 18 F.4th 806, 812-13 (5th Cir. 2021).  In this case, McLarens has not alleged that Plaintiffs "misstated or omitted discrete facts" such that a summary inquiry would be appropriate, making a Rule 12(b)(6)-type analysis of Plaintiffs' pleadings appropriate here.

The proper Rule 12(b)(6)-type analysis "necessarily incorporates the *federal* pleading standard articulated in *Bell Atlantic Corp. v. Twombly*," 550 U.S. 544, 570 (2007), that a plaintiff's complaint, taken as true, must merely contain "enough facts to state a claim to relief that is plausible on its face."  *Int'l Energy*, 818 F.3d at 200 (emphasis in original).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the

misconduct alleged." *Coleman v. Sweetin*, 745 F.3d 756, 763-64 (5th Cir. 2014).  At all stages of the analysis, "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.

## VI.    ARGUMENT SUMMARY

Employing the federal plausibility standard and taking the well-pleaded allegations in Plaintiffs' Complaint as true, McLarens cannot meet its heavy burden to show that there is no possibility that any Plaintiff can recover from Ramirez in state court.  In light of Ramirez being an in-state defendant, McLarens has not demonstrated how LAD's citizenship has any bearing on this Court's jurisdiction.  However, if LAD's Texas citizenship is determined to be relevant, McLarens also cannot meet its heavy burden to show that there is no possibility that LAD can recover from any Defendant in state court.  These failures doom McLarens' ability to prove improper joinder and, consequently, to show that complete diversity exists among all properly joined parties.  Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332—the sole basis alleged by McLarens—making remand mandatory.

## VII.    ARGUMENT AND AUTHORITIES

### A.    McLarens Cannot Prove that Ramirez Is Improperly Joined.

It is McLarens' burden to prove that, under a Rule 12(b)(6)-type analysis employing the federal pleading standard and taking Plaintiffs' well-pleaded allegations as true, there is no possibility that any Plaintiff can recover from Ramirez in state court.  If Plaintiffs' pleadings make it plausible that even one Plaintiff has any possibility to recover from

Ramirez in state court for any cause of action asserted against him, this case <u>must</u> be remanded.

Plaintiffs have alleged facts which, when taken as true, support multiple claims for recovery against Ramirez.  Ramirez, a former employee of Charles Taylor Consulting Mexico, S.A., and Plaintiffs' former Regional Head of Latin America, was a primary organizer and participant in Defendants' systematic and orchestrated raid of Plaintiffs' core business operations and impermissible efforts to steal Plaintiffs' customers in the United States, Mexico, and South America.  Accordingly, Plaintiffs have asserted the following causes of action against Ramirez for his role in Defendants' scheme: misappropriation of trade secrets in violation of the Texas Uniform Trade Secrets Act (Count I), conversion (Count II), breach of fiduciary duties (Count III), breach of contract (Count IV), unjust enrichment (Count V), unfair competition by misappropriation (Count VI), and conspiracy (Count VII).  Dkt. 1-1, § VI.

As its sole argument that Ramirez is improperly joined in this proceeding, McLarens claims that a forum selection clause in Ramirez's "management incentive plan" (the "MIP") precludes recovery from Ramirez on <u>any</u> of Plaintiffs' claims.  This argument holds no water.  As explained further below, the clause is far narrower than McLarens has stated and cannot reasonably extend to the majority of Plaintiffs' claims against Ramirez. Therefore, because Plaintiffs' well-pleaded allegations plausibly state a possible avenue for relief against Ramirez, McLarens cannot meet its burden to show that no Plaintiff can possibly recover from Ramirez in state court, Ramirez was not improperly joined, and his Texas citizenship defeats this Court's jurisdiction.

1.     **The MIP's narrow forum selection clause is limited to MIP-related claims or disputes only.**

The MIP is an agreement between Ramirez and Charles Taylor, Ltd., governing portions of Ramirez's compensation and various obligations owed to Plaintiffs, as subsidiaries of Charles Taylor, Ltd.  It is <u>not</u> a comprehensive employment agreement and does not control every duty that Ramirez owes to Plaintiffs.

The MIP includes a forum-selection clause applicable <u>only</u> to claims or disputes arising out of or in connection with the MIP:

> The parties irrevocably submit to the exclusive jurisdiction of the courts of England and Wales in respect of any claim, dispute or difference arising out of or in connection **with this Deed**, and/or any non-contractual obligations arising in connection **with this Deed**, provided that nothing contained in this clause 34 shall be taken to have limited the right of any Investor to proceed in the courts of any other competent jurisdiction.

Dkt. 1-1 at Exh. A, Exh. A-1. (emphasis added).  In light of this unambiguous language, the MIP cannot be read to apply to claims or disputes arising outside of the MIP itself.

2.     **The MIP does not apply to at least <u>six</u> of Plaintiffs' <u>seven</u> claims against Ramirez.**

McLarens has broadly and incorrectly proclaimed that all of "Plaintiffs' claims against Felipe Ramirez are predicated on the existence of [the MIP]."  Dkt. 1, ¶ 13.  That is false.  The unambiguous language of the MIP's forum selection clause makes clear that it may only be read to apply to either (a) a "claim, dispute or difference arising out of or in connection with [the MIP]," or (b) Ramirez's "non-contractual obligations arising in connection with [the MIP]."  Dkt. 1-1 at Exh. A-1.  McLarens cannot extend the scope of the clause to non-MIP-related claims.

Specifically, the clause cannot be read to extend to:

1. Plaintiffs' trade-secret claim against Ramirez, which arises under Texas statutory law—not the MIP;

2. Plaintiffs' conversion claim against Ramirez, which arises under Texas common law—not the MIP;

3. Plaintiffs' breach-of-fiduciary-duty claim against Ramirez, which arises under Texas common law—not the MIP;

4. Plaintiffs' unjust enrichment claim against Ramirez, which arises under Texas common law—not the MIP;

5. Plaintiffs' unfair competition claim against Ramirez, which arises under Texas common law—not the MIP; and

6. Plaintiffs' civil conspiracy claim against Ramirez, which arises under Texas common law—not the MIP.

At this stage, it is McLarens' burden to prove that Plaintiffs have no possibility to recover from Ramirez under <u>any</u> claim asserted against him.  If McLarens intends to base its improper joinder argument upon the MIP's narrow forum selection clause, it must show that <u>all</u> of the foregoing six claims fall under the MIP such that they would be subject to the clause.  McLarens will be unable to do so in light of the clause's narrow language, defeating this Court's jurisdiction and making remand necessary.

**B.** **<u>The Court Need Not Consider whether LAD Is Improperly Joined, but McLarens Cannot Prove that LAD Is Improperly Joined in Any Event.</u>**

The Court need not decide whether LAD was properly joined to resolve this Motion. Whether this Court has subject matter jurisdiction over this case is properly determined by analyzing the propriety of Ramirez's joinder in light of the forum-defendant rule, which states that no action may be removed to federal court when an in-state defendant is properly joined.  28 U.S.C. § 1441(b)(2).  Put simply, if Ramirez is a properly joined defendant, this

Court lacks jurisdiction, and the case must be remanded.  If the Court determines that Ramirez is not properly joined, the Court's subject matter jurisdiction over the case does not depend upon some separate analysis of LAD's joinder.

In any event, should the Court evaluate LAD's joinder to this action (which it need not do), that analysis should begin with whether a party can even assert improper joinder against a plaintiff at all.  As stated above, it is legally uncertain whether a removing party can claim that a <u>plaintiff</u> was improperly joined because the text of the removal statute refers only to properly joined "defendants":

> A civil action otherwise removable solely on the basis of jurisdiction under [28 U.S.C. § 1332] may not be removed if any of the parties in interest properly joined and served **as defendants** is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (emphasis added).  Perhaps for this reason, the Fifth Circuit has not set a standard for analyzing the purported improper joinder of a plaintiff.  *See Clear Channel*, 541 F. Supp. 2d at 877 ("The cases in the Fifth Circuit involving [improper] joinder of a non-diverse plaintiff are sparse and do not provide the best guidance.") (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 630-31 (5th Cir. 2002) (assuming, without deciding, that improper joinder of plaintiffs is a viable theory)).  Accordingly, McLarens' burden to prove that LAD was improperly joined in this action must begin with McLarens showing that Fifth Circuit law, read against the backdrop of 28 U.S.C. § 1441(b)(2), even supports such a theory.

Assuming *arguendo* that McLarens can cross that initial threshold, its burden will then require it to prove that, under a Rule 12(b)(6)-type analysis employing the federal

pleading standard and taking Plaintiffs' well-pleaded allegations as true, there is no possibility that LAD can recover from any Defendant in state court.  If Plaintiffs' pleadings make it plausible that LAD has any possibility to recover from even one Defendant in state court for any cause of action asserted against that Defendant, this case <u>must</u> be remanded.

LAD's connection to this lawsuit is relatively straightforward: LAD, a Texas corporation and affiliate of the other named Plaintiffs, owns part of the information that Defendants stole—including, but not limited to, LAD's customer lists.  *See, e.g.*, Dkt. 1-1, ¶¶ 114.  LAD's ownership of at least some of the materials that Defendants stole underlies the trade secret misappropriation, conversion, breach-of-fiduciary-duty, breach-of-contract, unjust enrichment, unfair competition, civil conspiracy, and *respondeat superior* claims that LAD has brought against Defendants.

By claiming that LAD was improperly joined, it is McLarens' burden to prove that LAD has no possibility of recovery from <u>any</u> Defendant under <u>any</u> claim LAD has asserted in this lawsuit.  In light of LAD's ownership of at least some of the materials that Defendants stole, McLarens will be unable to do so.

## C. <u>Because McLarens Cannot Meet Its Heavy Burden to Prove that Both Ramirez and LAD Were Improperly Joined, this Case Must Be Remanded.</u>

Following a Rule 12(b)(6)-type analysis employing the federal plausibility standard set forth in *Twombly* and its progeny, McLarens will be unable to show that Plaintiffs' pleadings, when taken as true, preclude every Plaintiff from recovering from Ramirez in state court, as McLarens' heavy burden requires.  And, although unnecessary to resolve the Court's jurisdiction, McLarens also will be unable to show that Plaintiffs' pleadings

preclude LAD from recovering from every Defendant in state court.  These failures require the Court to remand this case to state court for lack of diversity jurisdiction.

**D.** **This Case Also Should Be Summarily Remanded for McLarens' Numerous Failures to Follow this Court's Rules and Procedures.**

After choosing to remove this lawsuit to this forum based upon flawed jurisdictional grounds, McLarens quickly adopted a practice of refusing to follow this Court's rules and procedures, further hampering Plaintiffs' ability to prosecute their claims and obtain the expedited relief they need to combat Defendants' ongoing malfeasance:

First, McLarens failed to respond to this lawsuit before its September 24, 2024, deadline to do so under Federal Rule of Civil Procedure 81(c)(2), putting McLarens in default.  *See* Dkt. 3.  On September 26, 2024, Plaintiffs requested that the Court Clerk enter McLarens' default as required by Rule 55(a).  *Id.*  On September 30, 2024, McLarens "opposed" that mandatory entry but provided no rationale for its abject failure to abide by the rules of the Court to which it voluntarily removed this case.  *See* Dkt. 8.  Plaintiffs' request for entry of default remains pending.  Dkt. 3.

Second, McLarens has persistently failed to "[m]ake serious, timely, good faith efforts to seek agreement on all disputed matters and requests for relief" by refusing to meet and confer with Plaintiffs on two motions to dismiss and failing to "confer in good faith to resolve" the purported pleading deficiencies identified in its Rule 12(b)(6) motion, as this Court's procedures require.  *Compare* Dkt. 4, 5 at Certificates of Conference *with* Court Procedures 17(a), 17(b).  Effectively admitting its disregard for the Court's procedures, McLarens has sought to justify its non-conferral by claiming that it had no time

to comply with the Court's meet-and-confer requirement in light of the Court's impending entry of default against it.

And, <u>third</u>, McLarens failed, as the removing party, to furnish all other parties with the information required by this Court's removal procedures within 10 days of removal, subjecting this action to "summar[y] remand[ ] for failure of compliance." Court Procedure 1(f); *see also* Dkt. 10 (ordering McLarens to comply with Procedure 1(f)).   Again, McLarens has provided no rationale for its disregard of this procedure.

In addition to its failure to prove improper joinder, McLarens' serial disregard for this Court's rules and procedures provides another basis for the Court to "summarily remand[ ]" this action to state court, consistent with the Court's Procedure 1(f).

## VIII.   <u>CONCLUSION</u>

Plaintiffs respectfully request that the Court grant this Motion and remand this action to the 457th Judicial District Court of Montgomery County, Texas.

Dated: October 17, 2024                    Respectfully submitted,

                                           */s/ Neil F. Young*
                                           Neil F. Young
                                           Attorney-in-Charge
                                           Texas Bar No. 24121218
                                           S.D. Tex. Bar No. 3635269
                                           BLANK ROME LLP
                                           717 Texas Avenue, Suite 1400
                                           Houston, Texas 77002
                                           (713) 228-6601
                                           (713) 228-6605 (fax)
                                           neil.young@blankrome.com

                                           **ATTORNEY FOR PLAINTIFFS
                                           LAD (AVIATION), INC., D/B/A CHARLES
                                           TAYLOR ADJUSTING, CHARLES TAYLOR
                                           CONSULTING MEXICO, S.A, CHARLES
                                           TAYLOR AFFINITY CHILE LIMITADA, AND
                                           CHARLES TAYLOR CHILE S.A.**

## <u>CERTIFICATE OF WORD COUNT, CONFERENCE, AND SERVICE</u>

I certify that:

1.  In accordance with the Court's Procedure 18(c), Microsoft Word registers this motion's word count to be 3,440 words, excluding the cover sheet, table of contents, table of authorities, signature block, and certificates.

2.  In accordance with the Court's Procedure 17(a), Plaintiffs' counsel conferred with McLarens' and Ramirez's counsel on October 16, 2024, regarding the remand requested by this motion. While RVA has not yet appeared in this case, Plaintiffs' counsel also conferred with RVA's counsel on October 17, 2024, regarding the remand requested by this motion. During these conferences, all Defendants indicated that they are opposed to remand.

3.  On October 17, 2024, a true and correct copy of the foregoing instrument was served via the Court's Electronic Filing System on all parties requesting notice in this proceeding and as follows:

    > *Via Certified Mail, Return Receipt Requested*
    > *(7007 1490 0000 2228 1317)*
    > Barrett H. Reasoner
    > Anthony N. Kaim
    > Nick Beachy
    > GIBBS & BRUNS LLP
    > 1100 Louisiana Street, Suite 5300
    > Houston, Texas 77002

    > */s/ Neil F. Young*
    > Neil F. Young

15